IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELEPRI SAINGAYKO AMACHREE, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BARR[1], Attorney General of the United States, et al., <br><br> Defendants. | Case No. 19 cv 1658 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Selepri Amachree is a Liberian citizen and a U.S. Green Card holder. In 2001, Illinois police arrested Amachree for drug possession. The Government then commenced removal proceedings against Amachree in the immigration court in Chicago. The immigration court allowed Amachree to remain free from custody while the removal proceedings continued. In 2004, the Seventh Circuit Court of Appeals granted a stay of the removal proceedings, and then, in 2006, remanded the case to the Board of Immigration Appeals (BIA). In February 2017, U.S. Immigration and Customs Enforcement (ICE) agents arrested Amachree in Dodge County, Wisconsin.

In connection with that arrest, Amachree brings twenty separate counts against federal and state defendants, alleging multiple state law torts and violations of his Fourth Amendment constitutional rights. The federal defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). For the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes Attorney General William Barr for former acting Attorney General Matthew Whitaker.

1

reasons explained below, Amachree has not met his burden to show that venue is proper in this court, and the Court grants the defendants' request to transfer the case to the Eastern District of Wisconsin.

I. Background

Selepri Amachree (Amachree) brings this action under the Federal Tort Claims Act, 28 USC § 2674 ("FTCA") and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He sued multiple federal officials, including the U.S. Attorney General, the Secretary of Homeland Security, the Director of ICE and two ICE agents, Brent Kriehn and Joseph Halas (the federal defendants).[2] (Dkt. 1). Amachree alleges various state law tort claims against the federal defendants under the FTCA including false arrest, false imprisonment, and malicious prosecution. Additionally, Amachree alleges that the ICE agents, in their individual capacities, violated his Fourth Amendment rights through unreasonable seizure and civil conspiracy to arrest without probable cause. Amachree also alleges that certain Wisconsin authorities committed both state law and constitutional torts.[3]

The federal defendants seek dismissal based on improper venue and lack of personal jurisdiction, or alternatively, a transfer of the case to the proper venue. (Dkt. 23.) The federal defendants argue that dismissal for improper venue is appropriate

---

[2] The United States substituted itself for the two ICE agents sued personally for non-constitutional torts pursuant to § 2679(d) of the FTCA. The two agents remain defendants in their individual capacities for the alleged constitutional claims. *See Jackson v. U.S.*, 2008 WL 4089540, at *3 (N.D. Ill. Aug. 21, 2008) (substituting the United States only regarding non-constitutional tort claims).

[3] The Wisconsin defendants answered the complaint (Dkt. 14).

under 12(b)(3) for the claims against the United States under the FTCA and for the claims against the individual defendants under 28 U.S.C. § 1391(b). (Dkt. 23.) They further argue that the claims against the ICE agents should be dismissed under Rule 12(b)(2) because they do not have the requisite minimum contacts with Illinois. (*Id.*) Amachree filed a response brief [30], filed an additional "memorandum of law and fact" [33-1] and filed a motion to amend his complaint [27].

## II.  Standard

When a defendant challenges venue under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Nat'l Tech., Inc. v. RepCentric Sols.*, 2013 U.S. Dist. LEXIS 98881, at *14 (N.D. Ill. July 16, 2013). "If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed it initially." *John Crane Inc v. Simon Greenstone Panatier Bartlett, APC*, 2017 U.S. Dist. LEXIS 41840, at *21 (N.D. Ill. Mar. 23, 2017) (citing 28 U.S.C. § 1406(a)). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## III.  Analysis

### A. Venue Under the FTCA

The Northern District of Illinois is not the proper venue for Amachree's claims arising under the FTCA. Under 28 U.S.C. § 1402(b), FTCA claims may only be brought "in the judicial district where the plaintiff resides or wherein the act or

3

omission complained of occurred." Amachree resides in Dodge County, Wisconsin and resided there at the time of his 2017 arrest. (Compl. ¶ 38.) Furthermore, the actions complained of–Amachree's arrest and detention by ICE agents–took place in Dodge County, Wisconsin. (*Id.* ¶ 36.) Thus, § 1402(b) bars Amachree from bringing the FTCA claims in the Northern District of Illinois.

Amachree argues that 28 U.S.C. § 1391(b)(2) is the only governing venue statute in this case. This argument fails for two reasons. First, the initial section of this statute provides that it governs venue "*except as otherwise provided by law.*" 28 U.S.C. § 1391(a) (emphasis added). For the FTCA claims, § 1402(b) controls in which judicial district claims may be brought. As discussed, Amachree does not meet the requirements of § 1402(b). Amachree's attempt in his response brief to contend that "local law" is only "partly applicable" to his tort claims (Dkt. 30 at 27) is not convincing when he expressly brought claims under the FTCA for violations of Wisconsin state law.

Second, even if § 1391(b) was the operative statute for the FTCA claims, it provides, in pertinent part: "A civil action may be brought in— … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…" For the reasons discussed more fully below, the Court does not agree with Amachree's contention that "a substantial part of the events . . . giving rise to the claim occurred" in Illinois.

4

**B. Venue Under 28 U.S.C. § 1391**

Because the FTCA "does not apply to constitutional violations" (*Linder v. United States*, 937 F.3d 1087, 1090 (7th Cir. 2019)), 28 U.S.C. § 1391 applies to Amachree's constitutional claims against defendants. *See Moore v. United States Marshals*, 2012 U.S. Dist. LEXIS 183102, at *2 (N.D. Ill. Dec. 28, 2012) (civil rights action under *Bivens* may be brought only in a venue authorized under 28 U.S.C. § 1391(b)). Amachree has not shown that this district is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[4]

Amachree believes a "substantial" event took place in the Northern District of Illinois because the rulings regarding his immigration removal proceeding took place in federal courts in Chicago, Illinois. These rulings are not the events giving rise to plaintiff's action in this case. The events giving rise to this action are Amachree's arrest and incarceration, which took place in Wisconsin. The fact that Amachree believes Defendants' arrest of him violated an order issued by a court in this district does not mean that "a substantial part of the events or omissions giving rise to the claim occurred" occurred in Illinois.[5] Moreover, to the extent Amachree asks the Court to construe his complaint as a challenge to any of the immigration court orders, as a complaint about delays in his immigration case, or as a request to hold

---

[4] Amachree does not argue that § 1391(b)(1) applies, nor could he since that provision requires all defendant to be residents of Illinois.

[5] The federal defendants argue that the stay of removal order stayed Amachree's *removal* from the United States, not his *arrest* in the United States. This point is well-taken, though this Court need not reach this merits issue because this Court is not the proper forum for this suit.

defendants in contempt of the Seventh Circuit's stay order, this case based on this set of facts does not provide any basis for this Court to hear those challenges.[6]

**C. Motion to Amend Complaint**

Amachree's motion to amend his complaint [27] was not filed in the time permitted under Federal Rule of Civil Procedure 15(a)(1), so Rule 15(a)(2) applies, which allows a party to amend with the court's leave, which is "freely give[n]" "when justice so requires". Fed. R. Civ. P. 15(a)(2). Denial of an amendment is appropriate, however, when an amendment would be futile. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015). An amended complaint is futile if it asserts the same facts, asserts a previously determined claim, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Id.* (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)).

Here, denial of Amachree's motion to amend is appropriate. Amachree's amended complaint fails to overcome defendants' venue challenge. Amachree again emphasizes the fact that various immigration rulings were made in Illinois but fails to establish that venue is proper here. Because Amachree failed to the cure these defects through his amended complaint or memorandum of law [33], his motion to amend his complaint [27] is denied.

---

[6] Because this Court is finds venue is not proper, it need not address defendants' personal jurisdiction challenges.

## IV. Conclusion

For the stated reasons, the federal defendants' motion to dismiss for improper venue and lack of personal jurisdiction [23] is granted. Amachree's motion to amend his complaint [27] is denied.

The Court hereby transfers the case to the Eastern District of Wisconsin. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "Courts in this District have 'broad discretion' to order a transfer of a case." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 881 (N.D. Ill. 2015) (citing *Continental Ins. C. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003)). *See also Sasso USA, Inc. v. Zein Invs., LLC*, 2014 U.S. Dist. LEXIS 135692, at *7 (N.D. Ill. Sep. 24, 2014). This includes the allegations pending against the Wisconsin defendants. The Clerk is directed to transfer the case forthwith and terminate the case in this court.

E N T E R:

Dated: December 2, 2019

*/s/ Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge