UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SELEPRI SAINGAYKO AMACHREE,

    Plaintiff,

 v.                  Case No. 19-cv-1772-bhl

WILLIAM BARR, et al.,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

  Plaintiff Selepri Amachree is not proceeding *pro se* in this matter, but one could be forgiven for assuming so. His counsel's filings show almost complete disregard for basic pleading standards and Court-ordered deadlines. Counsel's first attempt at a complaint begot 60 pages of meandering biographical material apparently meant to state claims against a host of high-level federal officers under the Federal Tort Claims Act. (ECF No. 1.) At an August 11, 2021 hearing, the Court dismissed that effort for noncompliance with Fed. R. Civ. P. 8(a). (ECF No. 67.) In doing so, it emphasized the importance of providing a "short plain statement" of Plaintiff's claim for relief and allowed counsel 30 days to file an amended complaint that complied with the rule. (*Id.*; ECF No. 80.) Counsel responded—five days late—with an odd two-part amended complaint that was neither short nor plain. (ECF Nos. 69 & 70.) In fact, the two parts together are longer than the previously dismissed effort, though they retain their predecessor's opacity. Unsurprisingly, Defendants countered with four new motions to dismiss. (ECF Nos. 72, 78, 82 & 85.) Plaintiff's counsel did not redeem himself in the subsequent motion practice. He has timely responded to only one of Defendants' motions. (ECF No. 77.) In response to a second, he submitted a 48-day-late, 56-page behemoth, the first 37 pages of which do little more than replead the complaint. (ECF No. 88.) As to a third, counsel's response arrived 76 days late. (ECF No. 89.) The fourth motion has received no response at all.

This is not acceptable practice from a licensed attorney, and neither Defendants nor the Court should be required to suffer the cost of counsel's disregard for rules and deadlines. Parties and their counsel have obligations when they hale others into court, and failure to meet those obligations has consequences, including dismissal of claims. In this case, the question is not whether the law permits dismissal, but rather on which of the many available grounds. Federal Rules of Civil Procedure 16(f) and 41(b) would do the trick. Civil Local Rule 7(d) would also suffice. But for persistent verbosity and incoherence, the Court will again dismiss the case pursuant to Federal Rule of Civil Procedure 8(a), which governs pleadings.

## LEGAL STANDARD

Rule 8's pleading requirements exist to prevent plaintiffs from ambushing defendants with unforeseen allegations or claims for relief. *See Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). A complaint should, therefore, never reduce the defendant to a beach bum with a metal detector, scouring the vast expanse for leads. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). If it does, dismissal on grounds of unintelligibility "is unexceptionable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1998)). In addition, while "[f]at in a complaint can be ignored," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), excessive length can "make a complaint unintelligible[] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378. Ultimately, if the complaint does not clearly indicate which defendants are liable under which counts, it must be dismissed for failure to comply with Rule 8. *Davis v. Anderson*, 718 F. App'x 420, 424 (7th Cir. 2017); *see Crenshaw v. Antokol*, 206 F. App'x 560, 563 (7th Cir. 2006) (upholding dismissal of a complaint where it was difficult to tell what claims were raised, and the complaint was "replete with confusing language, redundancies, and irrelevant material").

## ANALYSIS

Plaintiff's case is ostensibly about the six months he spent incarcerated pursuant to a "stayed" immigration removal order. *See Amachree, Selepri S. v. Gonzales, Alberto R.*, No. 05-4055 (7th Cir. Feb. 7, 2007). In 2002, Immigration Judge Robert Vinikoor ordered Plaintiff removed to Liberia. (ECF No. 69 at 10.) The Board of Immigration Appeals (BIA) upheld Judge Vinikoor's decision, but the Seventh Circuit issued a "Stay Order" pending appeal. (ECF No. 70 at 6.) In 2007, the Seventh Circuit remanded the case to the BIA in light of *Lopez v. Gonzales*,

549 U.S. 47 (2006). (ECF No. 69 at 13.) The BIA never acted on this remand order, nor does it appear that Plaintiff took any affirmative steps to push for resolution. Thus, although stayed by the Seventh Circuit, the removal order remained in place, leading Immigrations and Customs Enforcement (ICE) officers to arrest Plaintiff in 2017. (ECF No. 70 at 1-5.) Six months later, Immigration Judge Samuel Cole finally cancelled the removal and ordered the Dodge County Detention Facility to release Plaintiff. (ECF No. 69 at 15.)

In the original complaint, the facts relevant to this issue were julienned and sprinkled into a mess of biographical digressions and policy recommendations. (*See generally* ECF No. 1.) The belated, two-part amended complaint has done nothing to remedy this problem. (*See generally* ECF Nos. 69 & 70.) As with the original complaint, the causes of action in the amended complaint often leave ambiguous who exactly is being sued and under what law. (ECF No. 70 at 12-21.) The result is that Defendants are left to guess as to the theories underlying their asserted liability. This is the opposite of what Rule 8 envisions. Although portions of the amended complaint are passable, others are wholly incomprehensible. Plaintiff's counsel needed to do better on his second attempt. "Spray and pray" is not an appropriate tactic for commencing federal litigation. Accordingly, the case will be dismissed, with prejudice this time, for repeated failure to conform to Fed. R. Civ. P. 8(a) standards.

I. **The Amended Complaint Is Littered with Extraneous Material That Obfuscates the Relevant Allegations and Renders It Unintelligible.**

At the August 11, 2021 motions hearing, the Court granted Defendants' motion to dismiss the earlier complaint under Rule 8(a) and chided Plaintiff's counsel for his pleading's imprecision. (ECF No. 80.) In the amended complaint, counsel acknowledges that Rule 8 requires a short and plain statement of a plaintiff's claims, but then immediately requests an exemption from that requirement: "It is virtually impossible to explain in understandable terms the story of all this in a 'short and plain' statement." (ECF No. 69 at 3-4.) Asserting that it is "virtually impossible" to explain claims in a short and plain statement is not a license to bury them in a long and muddled one. In the search for pertinent allegations, Defendants had to go spearfishing in swamp water. And every material fact they managed to skewer came sandwiched between multiple digressions. A mere sample of this unhelpful and pointless surplusage: Plaintiff was once ranked the fourth-best high school fullback in Illinois (ECF No. 69 at 5), he moved to California to pursue a career in music but became mired in Hollywood drug culture (*id.*), he found God while imprisoned (*id.* at 7), he was awarded an internship with Teen Challenge, a Christian drug rehabilitation program

(*id.*), he founded his own faith-based drug intervention program, which he estimates has a 97 percent success rate (*id.* at 8), he decided not to make a planned move to Chicago because he could perform his job anywhere (*id.* at 9), his wife is a restaurant manager (*id.*), at some point, he worked in Virginia (*id.* at 10), he believes that incarceration of young addicts is counterproductive and should be a last resort (*id.* at 16), he believes that Dodge County District Attorney Kurt Klomberg is committed to his community and its safety (*id.* at 16-17), one of his mentees asked him to be a godfather (*id.* at 17), another of his mentees recovered from her addiction and lived a productive life before dying of a brain aneurysm (*id.* at 18), another of his mentees developed an addiction to painkillers after a snowmobile accident (*id.*), that same mentee had a boyfriend who was also an addict (*id.* at 19), a potential mentee received an unusually long prison sentence (*id.* at 23), Plaintiff was removed from the Dodge County Detention Facility's "Professional Visit" list (*id.* at 28), he told Dodge County Sheriff Dale Schmidt that he was working to get Klomberg disbarred, but he never actually attempted this (*id.* at 29), he is forthcoming about his criminal record (*id.* at 31), and he does not "suffer" from a foot fetish (*Id.* at 34). Grammatical errors, scrambled chronology, and the inexplicable inclusion of a Thomas Jefferson quote, (ECF No. 70 at 3), only further obfuscate the relevant allegations. A plaintiff's attorney has a duty to ferret out and develop his client's meritorious claims. He may not plead using the "kitchen sink" approach and thereby pass that duty onto his adversaries or the Court. *See Stanard*, 658 F.3d at 798. Yet, despite being given a second chance at pleading properly—with Court-issued guidance—that is exactly what Plaintiff's counsel did here. Neither the Defendants nor the Court should have to sort through this extraneous material, particularly where the plaintiff has counsel, who has already been directed to comply with Rule 8.

## II. Seven of Plaintiff's Eight Causes of Action Do Not Sufficiently Alert Defendants of What Claims Are Brought Against Them and Under What Law Those Claims Arise.

When reviewing a complaint, an opposing party should not have to resort to canons of construction. *See* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). But without those helpful heuristics to guide our analysis, Plaintiff's amended complaint may as well be abstract art. Certain causes of action could be plausibly read to state claims against as many as three or as few as zero defendants. Others unhelpfully intimate that *some* defendant is being sued pursuant to "the laws of the United States." Notice so nebulous is not notice at all.

The first sentence in the first cause of action—for false arrest—seems to clearly identify the United States as the sole defendant, liable for the negligence of ICE officers pursuant to the

Federal Tort Claims Act (FTCA). (ECF No. 70 at 12.) But this clarity is illusory. The succeeding sentence references ICE Officer Joseph Halase, ICE Officer Brent Kriehn, and Dodge County Sheriff Dale Schmidt. (*Id.*) Whether Plaintiff seeks to bring a claim for false arrest against all, some, or none of these three other Defendants is uncertain. It is possible that Officers Halase and Kriehn are only mentioned because the FTCA claim against the United States is contingent upon their misconduct as federal employees. This notion is supported by the list of defendants featured on the amended complaint's second and third pages. (ECF No. 69 at 2-3.) Though Halase and Kriehn do appear on that list, it is only as employees for whom the United States assumes responsibility. (*Id.* at 2.) But the fact that Halase and Kriehn are named defendants in later causes of action cuts against this reading. (*See* ECF No. 70 at 16.) And the amended complaint's list of defendants is overinclusive as well; the "County of Dodge, Wisconsin" is included on the list of defendants, (ECF No. 69 at 3), but is never accused of anything in any cause of action. So it might be that Plaintiff meant to name Halase and Kriehn as defendants in a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This was apparently the case in the original complaint. (*See* ECF No. 1 at 51.) More confusing is the inclusion of Sheriff Schmidt. Plaintiff does not argue that the United States is somehow liable for torts committed by county sheriffs. But if Plaintiff meant to state a claim against Sheriff Schmidt, why not include him as a defendant alongside the United States from the jump? Further complicating matters is a citation to *Strong v. Milwaukee*, 38 Wis.2d 564 (1968), a case in which the Wisconsin Supreme Court held that a municipality was not liable for the intentional torts of a police officer. *Id.* at 570. The same citation appears in the original complaint, and its inclusion there is equally mystifying.[1] ECF No. 1 at 39.

The third cause of action, for unreasonable seizure, is brought pursuant to the Fourth Amendment and the Seventh Circuit's immigration removal "Stay Order." (ECF No. 70 at 14-16.) Plaintiff does not explain how this Court has jurisdiction to hold anyone in contempt for violating a Seventh Circuit Order, let alone one issued in a different case. That, though, is secondary to a much bigger problem. The United States again appears to be the sole named defendant under the FTCA. But constitutional tort claims are not cognizable under the FTCA. *See*

---

[1] As with the first, the second cause of action, for false imprisonment, leaves open the possibility that Halase and Kriehn are *Bivens* defendants rather than merely actors for whom the United States has assumed tort responsibility. (ECF No. 70 at 13-14.)

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). Halase, Kriehn, and Schmidt are all referenced, so it is possible to construe this as a claim against them, though that interpretation requires the same tortured inductive reasoning that engendered extreme confusion with respect to the first two causes of action.

The fourth cause of action is somehow even less precise. Plaintiff asserts a claim for civil conspiracy and joint enterprise among Dodge County District Attorney Kurt Klomberg, Halase, Kriehn, Schmidt, and the United States. (ECF No. 70 at 16-17.) As previously noted, Halase and Kriehn were not identified as individual defendants earlier in the complaint, but this cause of action does seem to contemplate their individual liability. As for what law applies, Plaintiff cites "the Common Law of Wisconsin, the Fourth Amendment to the U.S. Constitution, the laws of the United States, and the 'Stay Order' of the 7th Circuit Court of Appeals." (*Id.* at 16.) The Federal Defendants interpreted this cause of action as a *Bivens* conspiracy claim. (*See* ECF No. 83 at 11.) Klomberg saw it as an attempt to invoke §1983. (*See* ECF No. 78 at 3.) Schmidt simply indicated that he was bemused by the vague appeal to some Wisconsin common law and some unspecified federal law. (ECF No. 73 at 7.) A complaint is not meant to be a Rorschach test. Three sets of defendants should not be able to *reasonably* reach three divergent interpretations of a cause of action for which they are all allegedly liable. But that is exactly what happened here. That the Court cannot say which interpretation, if any, is correct speaks to the inadequacy of Plaintiff's pleading.[2]

There is no indication against whom the fifth cause of action, for intentional infliction of emotional distress, is made. (ECF No. 70 at 17-18.) The claim is brought under "the law of the State of Wisconsin and 28 U.S. §2674 – Liability of the United States." (*Id.* at 17.) That makes it seem like Plaintiff means to hold the United States accountable under the FTCA. However, the paragraphs incorporated by reference to support this claim refer only to Sherriff Schmidt's alleged communications with Plaintiff's wife and the fact that Plaintiff's father died during Plaintiff's six-month incarceration. To the extent this means Plaintiff wants to hold the United States liable for the actions of a county sheriff, he has not indicated how that would be proper. On the other hand, if Plaintiff intended to hold Schmidt individually liable, it is strange that his name does not appear at all in the fifth cause of action.

---

[2] As will become clear in Part III, Plaintiff's counsel has not clearly said (perhaps he cannot) which of these interpretations is correct either.

The sixth cause of action is for negligence and is brought against the BIA. (*Id.* at 18-19.) The complaint does not explain how the BIA, as an entity, can be sued in tort. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). And it also fails to allege that Plaintiff exhausted his available administrative remedies. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-88 (7th Cir. 2014) (affirming the dismissal of an FTCA action where the plaintiff did not exhaust available administrative remedies prior to filing).

The seventh cause of action charges Dodge County Detective Robert Neuman with "negligence in falsely stating [information about Plaintiff in an] investigative report." (ECF No. 70 at 19-20.) Plaintiff does not explain what constitutes negligence in this instance and fails to identify a duty or corresponding breach.

As this frustrating summary demonstrates, nearly all of Plaintiff's proffered causes of action run afoul of Rule 8, most egregiously so. They fail to reasonably notify Defendants of the claims brought against them and the law undergirding those claims. This was Plaintiff's counsel's second attempt at drafting a coherent complaint. If this is the best he can do, the Court is convinced a third attempt would be futile. *See Crenshaw*, 206 F. App'x at 564 ("[D]ismissal with prejudice is proper if 'the plaintiff has demonstrated [an] inability to file a lucid complaint.'").

### III. Plaintiff's Responses to the Motions to Dismiss, to the Extent They Were Filed at All, Further Obscured His Allegations.

This case is in many ways the evil twin of *Morgan v. Kobrin Sec., Inc.*, 649 F. Supp. 1023 (N.D. Ill. 1986). In *Morgan*, the court rejected a defendant's professed inability to understand a complaint because his "well-briefed Rule 12(b)(6) motion" showed he was "fully apprised of the charges against him." *Id.* at 1027. Here, Defendants' motions to dismiss conclusively demonstrate the opposite. The amended complaint left the adverse parties flailing in the dark, proposing and disputing various conceivable theories of liability. In response, Plaintiff's counsel feigns shock at Defendants' inability to interpret the complaint while simultaneously asserting that his client's actual claims were mostly unpled and based on unforeseeable legal theories that Defendants were apparently meant to intuit from subtext. (*Compare* ECF No. 77 at 9 ("[The amended complaint] gives the parties and the Court a good sense of what this is about [and] . . . lays out the claims and the evidence Plaintiff is prepared to prove.") *with* ECF No. 77 at 1 (describing Plaintiff's claims, including two that were not even listed in the amended complaint)). This suggests either that Plaintiff's counsel intentionally planted phantom causes of action throughout the complaint or,

more probably, that even he still does not know what his client's claims are. Neither option is pretty.

The clearest statement of Plaintiff's case comes not from either of his complaints, but rather his response to one of the defendants' (Schmidt's) motion to dismiss:

> It is important at the outset of this response to emphasize exactly what Plaintiff has charged Defendant Schmidt with doing: 1) Defaming Plaintiff, 2) Conspiring with fellow Dodge County officials and likely ICE to destroy Plaintiff's drug intervention business in Dodge and neighboring counties, and 3) Tortuously (sic) interfering with Plaintiff's marriage.

(ECF No. 77 at 1.) Prudent counsel would have emphasized these charges *in the actual complaint*, not in his response to a motion to dismiss that complaint. And though the defamation claim appears clear enough, (ECF No. 70 at 20-21), the other allegations may as well have been pulled from a hat. While the amended complaint does allege conspiracy, the alleged purpose of that conspiracy was to remove Plaintiff "without legal grounds or authority from the USA." (*Id.* at 16-17.) Taking Plaintiff's response at face value, Schmidt—though listed among those who conspired to have Plaintiff illegally deported—is not liable in connection with that conspiracy, but is instead a member of a different, unpled conspiracy to destroy Plaintiff's business. How Schmidt was meant to know this is unaddressed. But at least the amended complaint referenced conspiracy. Tortious interference with marriage, on the other hand, was never alleged in any form, and it could only be inferred from an outwardly extraneous paragraph wherein Plaintiff accused Schmidt of encouraging his wife to file for divorce. (*Id.* at 9-10.)[3]

Later in his response to Klomberg, Plaintiff explains, for the first time, the legal theory he believes affords this Court jurisdiction to enforce the Seventh Circuit's "Stay Order" against Defendants. He is not seeking to hold anyone in contempt, as Defendants (quite understandably) assumed. (ECF No. 88 at 46.) Rather, he believes the "Stay Order" granted him certain rights and protections, which ICE violated when it detained him. (*Id.*) Even if this theory might plausibly permit Plaintiff to bring an unreasonable seizure claim pursuant to a "Stay Order" (and it does not), it was Plaintiff's burden to articulate such a theory in the complaint. *See Richards v. Mitcheff*,

---

[3] Plaintiff conjures an additional phantom claim in his response to a second Defendant's (Klomberg's) motion to dismiss. But not only is this claim nowhere to be found in the amended complaint, it is not even made against Klomberg. It comes in the form of an offhand remark accusing another defendant, ICE Officer Kriehn, of tortiously making false statements. (ECF No. 88 at 38.) This allegation is, of course, also absent from Plaintiff's response to the Federal Defendants' motion to dismiss, which attempts to address Plaintiff's claims against Kriehn. (*See* ECF No. 89.)

696 F.3d 635, 637 (7th Cir. 2012). He cannot cure the amended complaint's deficiencies in a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *Soo Line R.R. Co. v. Consol. Rail Corp.*, No. 2:17-CV-106, 2018 WL 5312616, at *3 (N.D. Ind. Oct. 24, 2018).

In response to the Federal Defendants' motion to dismiss, Plaintiff confirms that—despite excluding them from the list of individual defendants in the amended complaint—he is seeking to hold Halase and Kriehn personally financially liable, presumably for false arrest, false imprisonment, and unreasonable seizure, and presumably via *Bivens*, though none of this is explicit. (ECF No. 89 at 4.) Plaintiff also asserts a bewildering claim for breach of separation of powers against Kriehn. (*Id.* at 20.) In support, Plaintiff cites a law review article that argues federal courts should dispense with standing requirements in suits where private individuals assert violations of private rights. (*Id.* at 21, n. 4; F. Andrew Hessick, *The Separation-of-Powers Theory of Standing*, 95 N.C. L. REV. 673 (2017)). This Court cannot unwind federal standing doctrines based on an aspirational law review article. Assuming it could, the Court would reject Plaintiff's theory out of hand since it, and the claim it purports to support, were never pleaded.[4]

---

[4] The Amended Complaint also problematically fails to include a specific demand for the relief Plaintiff seeks. Rule 8(a)(3) requires a complaint to contain "a demand for the relief sought." While section IV of the original complaint complied with this requirement, (ECF No. 1 at 50-51), the amended complaint ignores this requirement. Although "failure to specify relief to which the plaintiff [is] entitled" does not, on its own, justify dismissal, *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002), it is illustrative of the disregard Plaintiff's counsel has shown for the Federal Rules of Civil Procedure throughout this litigation.

## CONCLUSION

The Court is not without some sympathy for Plaintiff. It appears he may have been mistakenly detained in circumstances when he ought not. But it is Plaintiff's counsel's job to identify and properly plead a legal theory or theories to address Plaintiff's situation. Counsel's first effort to do so was a long and confusing mess. His second attempt has not yielded a better result; in fact, it may be a step backward. The Court is unwilling to subject the adverse parties (or itself) to a third. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss (ECF Nos. 72, 78, 82 & 85) are **GRANTED**, and the case is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant Klomberg's motion to strike (ECF No. 90) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on March 11, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge